UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Not for publication**

| | |
|---|---|
| RAMON PLACENCIA,<br><br>         Plaintiffs,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security<br><br>         Defendant. | Civ. Action No. 2:15-cv-8657 (JMV)<br><br><br><br><br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

  This matter comes before the Court on a motion for reconsideration by Defendant, the Acting Commissioner of Social Security ("Commissioner"). The Commissioner asks the Court to reconsider its motion awarding fees to Plaintiff, specifically regarding the amount awarded. Plaintiff opposes this motion. For the reasons that follow, the Commissioner's motion is denied. Among other things, the Commissioner argues that since she offered to remand Plaintiff's matter and the Court ultimately ordered a remand, Plaintiff's attorney fees should be cut dramatically. Of note, this is the *second* time that the Commissioner offered a remand to Plaintiff. The first time, in early 2013, Plaintiff accepted. Over three years passed in between Plaintiff's first remand and the second offered remand. The Court assumes that if on remand this time, Plaintiff is unsuccessful but another error is committed, the Commissioner will offer Plaintiff yet another remand – with additional years added to the process. At a certain point, the Commissioner has to

look to the internal shortcomings of Social Security rather than to Plaintiff's counsel's fees for the reasons that this matter has been unduly delayed and costly.

## I. Background and Procedural History

On April 23, 2009, Plaintiff filed an application for disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Tr. at 147-50.[1] After the claim was denied at the initial level of review and on reconsideration, Plaintiff appeared at a hearing before an Administrative Law Judge ("ALJ") on May 23, 2011. *Id.* at 30-80. The ALJ denied Plaintiff's claim in a written opinion dated June 17, 2011. *Id.* at 9-29. On March 30, 2013, the Appeals Council concluded that there no grounds for review.

In her June 17, 2011 opinion, the ALJ noted that Plaintiff was a naturalized citizen of the United States, having been born in the Dominican Republic. *Id.* at 21. The ALJ further indicated that Plaintiff testified that he had not taken English classes because he came to America to work. *Id.* During the hearing, an interpreter was present although Plaintiff could understand English "[a] little bit." *Id.* at 33, 59. Plaintiff's counsel informed the ALJ that Plaintiff had written his application and other relevant documents in Spanish. *Id.* When filling out the Disability Report – Adult, Form SSA-3368, Plaintiff wrote that he could not speak or understand English and that he was not able to write more than his name in English. *Id.* Plaintiff's counsel also disagreed with the ALJ that the test for citizenship was in written form; counsel maintained that it was an oral exam consisting of a few questions. *Id.* at 43-44. Plaintiff testified that he could not read English. *Id.* at 28-29.

Plaintiff appealed to this Court. *Placencia v. Comm'r of Soc. Sec.*, Civil Action No. 12-cv-02841 (D.N.J. 2012) (FSH). On September 12, 2012, Plaintiff filed his letter pursuant to

---

[1] "Tr." refers to the transcript of the administrative record filed by the Commissioner in this case.

Local Civil Rule 9.1.[2]  On January 10, 2013, Plaintiff and Social Security entered into a "Consent Order to Remand"; Judge Hochberg entered the order the next day.  Pursuant to the remand order, the Appeals Council directed the ALJ to "obtain supplemental evidence from a vocational expert to clarify the demands of the [Plaintiff]'s past relevant work and/or of the assessed limitations on the [Plaintiff]'s occupational base."  Tr. at 408.  *See also* Tr. at 390.  Despite Plaintiff's request in his Rule 9.1 letter, the matter was returned to the same ALJ.

In the interim, on July 8, 2011, Plaintiff filed another application for DIB as well as for supplemental social security income (SSI) pursuant to Title XVI of the Social Security Act.  In light of the first remand, the ALJ was also ordered by the Appeals Council to determine whether the subsequent claim in July 2011 should be consolidated with the matter on remand.  Tr. at 408.  While the ALJ did consider the subsequent application with the matter on remand, the ALJ noted that the "same impairments" were alleged in each application so that the subsequent application was "duplicative" of the matter on remand.  Tr. at 408.

Following another hearing, the ALJ again determined on April 23, 2014 that Plaintiff was not disabled.  Tr. at 408-420.  On October 16, 2015, the Appeal Council again found no grounds for review, Tr. at 390-93, and Plaintiff again appealed to this Court., D.E. 1.  The Commissioner answered, but Plaintiff failed to file his letter pursuant to Local Civil Rule 9.1.  Instead, Plaintiff filed his brief on July 19, 2016.  D.E. 15.

During the second hearing, the ALJ did not raise an issue concerning Plaintiff's ability to read, write, and speak English.  Nevertheless, Plaintiff's counsel raised the issue with the ALJ.  Plaintiff's counsel noted that Plaintiff "speaks very little English and everything [pertaining to

---

[2] Local Civil Rule 9.1(d) requires a Plaintiff, within fourteen days of the Commissioner's answer, to file a statement setting forth the plaintiff's "primary contentions or arguments as to why plaintiff believes that he or she is entitled to relief."  The purpose of the statement is to encourage "an early and amicable resolution" of the case.

Plaintiff's application] was done in Spanish." Tr. at 1053.  The attorney further noted that the ALJ had not asked any questions during the hearing about Plaintiff's ability to speak English.  *Id.* at 1054.  Pursuant to the attorney's inquiry, the ALJ then indicated that she believed that there was a decision by a district judge as to a person taking the test to become a United States citizen and indicating that he/she understood English.  *Id.* at 1055-58.  The ALJ concluded by saying that "we have developed the record regarding whether your client can speak English – as much as we can."  *Id.* at 1057-58.  In her April 23, 2014 decision, the ALJ found that Plaintiff is "able to speak, read and write English."  *Id.* at 418.  The ALJ based this finding on the fact that Plaintiff became a United States citizen.[3]  *Id.*

In his brief to this Court, Plaintiff asked that the Court reverse the Commissioner's decision and find Plaintiff disabled.  D.E. 15 at 5, 14.  Alternately, Plaintiff requested a remand.  *Id.*  One of plaintiff's primary argument concerned the residual functional capacity ("RFC") findings of the ALJ.  Plaintiff was also critical of the ALJ's finding that Plaintiff was able to speak, read, and write in English.  *Id.* at 17-19.  Plaintiff noted that he had Spanish interpreters at both hearing before the ALJ.  *Id.* at 13.  Plaintiff argued that this finding – his ability to read, write, and understand English – was crucial because he would otherwise be found disabled due to his age.  *Id.* at 19.

In lieu of filing an opposition brief, the Commissioner moved to remand the matter over the objection Plaintiff.  D.E. 16.  For some reason, however, the Commissioner failed to mention

---

[3] Even as to this finding, the ALJ did not perform any due diligence to determine the facts and circumstances surrounding Plaintiff becoming a citizen.  As noted, during the first hearing, the ALJ indicated that the test was in writing, while Plaintiff's counsel contended that it was an oral examination.  Although the Court is not making a finding concerning Plantiff's test, it appears that Plaintiff's counsel is correct.  https://my.uscis.gov/prep/test/civics (last visted January 18, 2017) (indicating that the civics portion of the citizenship examination consists of up to 10 verbal questions).

4

the prior appeal to this Court or Plaintiff's agreement to remand in that matter. D.E. 16-1 at 2. The Court held oral argument on the Commissioner's motion for remand on October 13, 2013 and ordered the matter remanded. D.E. 21, 22.

Thereafter, Plaintiff made a motion pursuant to 28 U.S.C. § 2412 for counsel fees, seeking $8,162.25. D.E. 23. The Commissioner opposed the motion, arguing that $3,806.47 was adequate. D.E. 24. The Commissioner argued that Plaintiff's counsel fees were unreasonable because counsel took an hour to draft the complaint, "was extremely familiar with the facts and issues of this case," counsel's brief was comprised of numerous pages of "boilerplate," counsel is experienced, and the case was routine. *Id.* at 3-6. The Commissioner also noted that that the Court could deny any time spent after counsel unreasonably rejected the Commissioner's offer of remand. *Id.* at 6-7. The Commissioner argued that "special circumstances" therefore supported a lower fee award. Plaintiff filed an opposing letter brief.

On December 1, 2016, the Court issued an Order, awarding Plaintiff $ 8,162.34 in fees. D.E. 26. In the Order, the Court made the following observations concerning the Commissioner's opposition:

> One hour to draft and file the complaint is not inherently unreasonable. As to the amount of time spent by Plaintiff's counsel in reviewing the record and drafting the brief in this matter, the Court is aware that Plaintiff's counsel has a volume practice. The Court is also aware that a relatively large amount of time transpires between the time of a hearing and the issuance of the ALJ's decision (here over 8 months). Likewise, a relatively large amount of time passes between the time of the ALJ's decision and the timing of Plaintiff's brief in this matter (here over 2 years). As a result, it is not unreasonable for counsel to review the entire file again before drafting the brief. In fact, it can be certainly argued that such action is prudent and preferred in representing a client. Finally, the Court is aware that Plaintiff asked for a remand in the alternate. However, Plaintiff's first sought a finding of disability and only sought a remand if a determination of disability was denied. The Court's decision

5

>would be different if Plaintiff merely sought a remand, was then
>offered a remand, and refused the offer. Any fees incurred after
>such a[n] offer would be excluded.

*Id.* at 1 n.1.

On December 9, 2016, the Commissioner made a timely motion for reconsideration of the Court's December 1, 2016 Order. D.E. 27. The Commissioner submits that reconsideration is necessary to prevent manifest injustice or to correct a clear error of fact or law. D.E. 27-1 at 6. In support of its motion, the Commissioner raises the same arguments that it did when opposing Plaintiff's initial motion for fees. However, in its initial opposition, the Commissioner merely noted that Plaintiff did not file a Rule 9.1 letter. Now, the Commissioner argues that if Plaintiff had submitted the letter, Plaintiff's counsel would not have incurred the additional time writing his brief because (presumably) the Commissioner would have immediately agreed to a remand and Plaintiff would have accepted. *Id.* at 7.

## II. Analysis

The Commissioner moved pursuant to Local Civil Rule 7.1(i),[4] which concerns motions for reconsideration. To prevail pursuant to Rule 7.1(i), the movant must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). *See also Andreyko v. Sunrise Senior Living, Inc.*, 993 F. Supp. 2d 475, 477-78 (D.N.J. 2014).

---

[4] The Commissioner did not move pursuant to Federal Rule of Civil Procedure 59 pertaining to final judgments, which is arguably more appropriate because Local Civil Rule 7.1(i) is designed to addressed interlocutory orders. *Jones v. Sanko Steamship Co.*, No. 10-6787, 2016 WL 819618, at *4 (D.N.J. Mar. 2, 2016). However, the Court's analysis would not change if the motion had been made pursuant to Rule 59.

Only the third basis is raised by the Commissioner here. As a result, Rule 7.1(i) requires that the Commissioner submit a "brief setting forth concisely the matter or controlling decisions which" the Commissioner believes the Court overlooked. L. Civ. R. 7.1(i). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. *See United States v. Compaction Sys. Corp.,* 88 F.Supp.2d 339, 345 (D.N.J.1999). This is a high burden for the movant to meet. *Jones v. Sanko Steamship Co.*, No. 10-6787, 2016 WL 819618, at *3 (D.N.J. March 2, 2016) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)). In other words, reconsideration is an "extraordinary remedy," which is granted "very sparingly." *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (citation omitted).

Here, the Commissioner does not point to any controlling law overlooked by the Court. In short, the Commissioner obviously disagrees with the Court's Order concerning fees, but mere disagreement alone is insufficient to support a motion for reconsideration. However, for purposes of the record, the Court will address the substance of the Commissioner's motion.

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), provides as follows:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

In this matter, the Commissioner does not contest that Plaintiff was the prevailing party nor does it argue that Social Security's position was substantially justified. In addition, the Commissioner has not contested the hourly rate sought or the sufficiency of Plaintiff's counsel's

7

documentation. As a result, Plaintiff's counsel fees will be awarded if they are reasonable and special circumstances are not present that would render the award unjust. The Court has the discretion to determine the proper fee award and adjust the amounts appropriately. *Comm'r, Immigration and Naturalization Servs. v. Jean*, 496 U.S. 154, 161 (1990). "Special circumstances" is a provision that permits a court to deny awards when equitable considerations indicate that an award should not be made. *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 303 (2d Cir. 2011) (citation omitted).

At the outset, it is critical to note that Plaintiff did accept the Commissioner's offer to remand this matter the first time. The order to remand was entered in January 2013, over four and a half years after Plaintiff filed his initial application for DIB. The Commissioner offered a second remand to Plaintiff sometime after July 19, 2016 (when Plaintiff filed his brief with this Court), over seven years after Plaintiff's initial application. Perhaps once bitten and twice shy (and over three years older), Plaintiff refused the second offer.

One of Plaintiff's key arguments on appeal was that despite his need of a Spanish translator, the ALJ nevertheless found Plaintiff to be fluent in reading, writing, and speaking English. More troubling, according to Plaintiff, was the fact that the ALJ had not raised the issue (Plaintiff's ability to speak, read, and write English) with Plaintiff during the second hearing on August 7, 2013. Tr. at 1026, 1028 (indicating that interpreter was present and sworn); Tr. at 1026-42 (demonstrating that apparently all of Plaintiff's testimony was taken through a translator and no issue being raised by the ALJ or Plaintiff as to Plaintiff's English proficiency). Nevertheless, counsel raised the issue with the ALJ, arguing that Plaintiff could not read or write English. In lieu of taking evidence on this issue, the ALJ found that the record had been fully developed. Not surprisingly, Plaintiff's counsel did not agree with this assessment since the ALJ

8

did not perform any inquiry (at least as far as the Court can determine) into Plaintiff's ability to speak, write, and read English other than to confirm that Plaintiff became an American citizen.

The Commissioner now argues that Plaintiff failed to file a Rule 9.1 letter in this appeal. D.E. 27-1 at 7. The Commissioner continues that if Plaintiff had filed his letter, then his counsel would not have had to write the brief and counsel unreasonably protracted the matter. *Id.* However, in her original opposition to Plaintiff's motion for fees, the Commissioner noted that Plaintiff failed to file the Rule 9.1 letter but did not argue that if Plaintiff had filed the letter, he would not have had to submit a brief. D.E. 24. This argument was clearly available to the Commissioner at that time, so the Commissioner has waived it. *Galletta v. Velez*, No. 13-532, 2014 WL 631891, at *3 (D.N.J. Feb. 18, 2014) (finding that in motion for reconsideration, party waived argument because it could have, and failed to, raised the issue in its underlying motion).

As to the substance of the argument, the Commissioner is correct that Plaintiff did not abide by Rule 9.1 when he failed to file the required letter. The flaw in the Commissioner's position is that it does not necessarily follow that Plaintiff would have accepted a remand if he had filed the letter. In fact, there is no indication that Plaintiff would have done so because he actually rejected the remand when offered. As a result, Plaintiff would have had to write a brief to respond to the Commissioner's motion to remand. Indeed, even if Plaintiff had not submitted a brief, the Court would have required one as to the substance of Plaintiff's appellate argument so that it could properly decide the Commissioner's argument to remand. Thus, the Court does not find that Plaintiff's failure to submit the Rule 9.1 letter caused an unreasonable delay of the matter.

The Commissioner next argues that the time Plaintiff spent in opposing the motion for remand should be excluded because it was "excessive, unnecessary, and did not result in any

9

additional benefit to the Plaintiff than that which was offered by the Commissioner." D.E. 27-1 at 8. The Commissioner did prevail on her motion to remand, but the Court does not find Plaintiff's refusal to accept the remand unreasonable. As a result, the Court does not find that Plaintiff's actions in contesting the Commissioner's motion for remand were unnecessary. Plaintiff already accepted a remand, and it delayed his case by years. In addition, while Plaintiff did alternately request a remand, his primary argument was for a finding of disability based in part on a critical finding (his ability to read, write, and understand English) that was not supported by substantial evidence. After reviewing the record, the Court believed that this argument may be meritorious but decided that it was prudent to grant the remand and let the parties develop the record as to this important factual finding.

The cases cited by the Commissioner are distinguishable. For example, in *Collado v. Apfel*, No. 99-4110, 2000 WL 1277595, at *3 (S.D.N.Y. Sept. 7, 2000), the court found that refusing an offer of remand was unreasonable because there was conflicting evidence in the record so that an outright finding of disability was not a reasonable expectation. Likewise, in *McKay v. Barnhart*, 327 F. Supp. 2d 263, 268-69 (S.D.N.Y. 2004), the district court determined that the plaintiff's rejection of an offer of remand was unreasonable because the ALJ's findings were in fact supported by substantial evidence. Here, by comparison, the Commissioner did not have conflicting evidence to support the ALJ's decision, much less substantial evidence in support thereof. Indeed, Plaintiff's counsel directly raised the issue with the ALJ, but the ALJ decided not to take any evidence concerning Plaintiff's ability to read, write, and speak English.

Finally, as to the Commissioner's remaining argument on reconsideration, the Court already addressed them in its prior Order granting fees. To reiterate, the Court again observes as follows:

> One hour to draft and file the complaint is not inherently unreasonable. As to the amount of time spent by Plaintiff's counsel in reviewing the record and drafting the brief in this matter, the Court is aware that Plaintiff's counsel has a volume practice. The Court is also aware that a relatively large amount of time transpires between the time of a hearing and the issuance of the ALJ's decision (here over 8 months). Likewise, a relatively large amount of time passes between the time of the ALJ's decision and the timing of Plaintiff's brief in this matter (here over 2 years). As a result, it is not unreasonable for counsel to review the entire file again before drafting the brief. In fact, it can be certainly argued that such action is prudent and preferred in representing a client. Finally, the Court is aware that Plaintiff asked for a remand in the alternate. However, Plaintiff's first sought a finding of disability and only sought a remand if a determination of disability was denied. The Court's decision would be different if Plaintiff merely sought a remand, was then offered a remand, and refused the offer. Any fees incurred after such a[n] offer would be excluded.

D.E. 26 at 1 n.1.

### III. Conclusion

For the foregoing reasons, the Commissioner's motion for reconsideration is denied. An appropriate form of Order accompanies this Opinion.

Dated: January 18, 2017                     s/ John Michael Vazquez
                                            John Michael Vazquez, U.S.D.J.